**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Paul M. Steven, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10 C 3486 |
| NCO Financial Systems, Inc. a Pennsylvania corporation, and Global Credit & Collection Corporation, a Delaware corporation, | ) | |
| Defendants. | ) | Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Paul M. Steven, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the form of Defendants' debt collection letters violates the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff and Defendants reside here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Paul M. Steven ("Steven"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Capital One credit card.

4. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois and 34 other states, NCO operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant NCO is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO does business in Illinois.

6. Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a collection agency in Illinois.

7. Defendant, Global Credit & Collection Corporation ("Global"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Global operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Defendant Global is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Global does business in Illinois.

9. Defendant Global is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Global acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

10. Defendant NCO sent Mr. Steven an initial form collection letter, dated December 21, 2009, demanding payment of a his delinquent Capital One account, which stated that the "Total Balance" was $2093.76. This letter was sent within one year of the date of this Complaint and is attached as Exhibit E.

11. Defendant Global then took over collection of the account and sent Mr. Steven an initial form collection letter, dated January 27, 2010, demanding payment of the same Capital One account, which stated that the "Amount Due" was $2235.57 -- an increase of $141.81 in 37 days or a 67% annual interest rate. This letter also stated, in pertinent part:

* * *

> **Your delinquent account now meets Capital One Bank (USA), N.A.'s guidelines for legal action if it charges off.**
>
> Your account has been placed with Global Credit & Collection Corp., a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Capital One Bank (USA), N.A. has not yet made a decision to file a lawsuit, there is still time for you to work with us in resolving this matter.

> If we cannot get this matter resolved soon and your account charges off, Capital One Bank (USA), N.A. may be forced to take legal action. This could result in a judgment against you. If Capital One Bank (USA), N.A. obtains a judgment against you, they can take whatever actions they deem advisable to enforce it. In addition, judgments are a matter of public record, and employers, landlords, and other creditors can check your credit and see that the judgment has been taken against you.
>
> It is not too late to fix this situation. We urge you to act now.
>
> Call our office today at 1-877-295-9638 to make arrangements to resolve this matter, if you cannot make your minimum payment, we can go over the options available to you.
>
> Prior to any judgment, you will be notified and able to raise defenses. Capital One Bank (USA), N.A.'s remedies will be subject to applicable property exemptions.

* * *

This letter was sent within one year of the date of this Complaint and is attached as Exhibit F.

12. One month later, on February 27, 2010, Defendant NCO began a new collection action on the account and sent Mr. Steven an initial collection letter, which stated that the "TOTAL BALANCE" was then $2308.94 -- an increase of $73.37 in 31 days or 41% per anum. This letter also stated, in pertinent part:

* * *

> Your delinquent account now meets CAPITAL ONE BANK (USA), N.A.'s criteria for legal action if it charges off. Your account has been placed with NCO Financial Systems, Inc., a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector. CAPITAL ONE BANK (USA), N.A. has not yet made a decision to file a lawsuit, there is still time for you to work with us to resolve this matter.
>
> Call our office today at 1-888-579-0626 to make arrangements to resolve this matter. If you cannot make the amount due payment of $512.00, we can go over the many options available to you.

> If we cannot get this matter resolved soon and your account charges off, CAPITAL ONE BANK (USA), N.A. may be forced to take legal action. This could result in judgment against you. If judgment is obtained against you, CAPITAL ONE BANK (USA), N.A. can take whatever actions they deem advisable to enforce it. In addition, judgments are a matter of public record and employers, landlords, and other creditors can check your credit and see that the judgment has been taken against you.
>
> It is not too late to fix this situation. We urge you to act now.

* * *

This letter was sent within one year of the date of this Complaint and is attached as Exhibit G.

13. All of the collection actions at issue occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g –**
**Overshadowing And/Or Ineffectively Conveying**
**The 30-Day Validation Notice**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent

with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

17. Here, although each of Defendants' initial collection letters (Exhibits F and G) contains the notice required by § 1692g of the FDCPA, other statements made in those letters render the validation notices ineffective. Specifically, Defendants' demands that Mr. Steven "call today" and "act now", and then referencing lawsuits and judgments would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt. Defendants' form collection letters thus violate § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

18. Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive or Misleading Statements**

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

21. Defendants' threats of a lawsuit against Mr. Steven and statement that "If Capital One Bank (USA), N.A. obtains a judgment against you, they can take whatever

actions they deem advisable to enforce", are false, deceptive or misleading statements, in violation of § 1692e of the FDCPA. As powerful as Capital One and the Defendants are, they, in fact, cannot take whatever post-judgment actions they want. Post just-judgment remedies are strictly proscribed and limited by Illinois statute.

22. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e(2)(A) Of The FDCPA –**
**Falsely Representing The Amount Of The Debt**

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Defendant NCO's December 21, 2009 initial collection letter (Exhibit E) stated that Mr. Steven owed $2093.76. Only 37 days later, Defendant Global's January 27, 2010 initial collection letter (Exhibit F) stated that Mr. Steven owed $2235.57, a $141.81 increase. Thereafter, Defendant NCO's February 27, 2010 new initial collection letter (Exhibit G) stated that Mr. Steven owed $2308.94, or an increase of $73.37 in 31 days. These amounts – representing 41% to 67% interest rates cannot be correct, and thus, Defendants' collection letters made false, deceptive or misleading statements, in violation of § 1692e of the FDCPA.

25. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692g(a)(1) Of The FDCPA –**
**Failure To State Adequately The Amount Of The Debt**

26. Plaintiff adopts and realleges ¶¶ 1-14.

27. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

28. Although each of Defendants' collection letters stated an amount due, each letter's amount was a dramatic increase over the prior amount owed. Specifically, Defendant NCO's December 21, 2009 initial collection letter (Exhibit E) stated that Mr. Steven owed $2093.76. Only 37 days later, Defendant Global's January 27, 2010 initial collection letter (Exhibit F) stated that Mr. Steven owed $2235.57, a $141.81 increase. Thereafter, Defendant NCO's February 27, 2010 new initial collection letter (Exhibit G) stated that Mr. Steven owed $2308.94, or an increase of $73.37 in 31 days. These amounts – representing interest rates of 41% to 67% -- rates cannot be correct, and thus, Defendants' collection letters failed to state adequately the total amount of the debt they were seeking to collect in violation of § 1692g(a)(1) of the FDCPA. See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872 (7th Cir. 2000); Pickard v. Lerch, 2005 WL 1259629 (S.D. Ind. 2005).

29. Defendants' violations of § 1692g(a)(1) of the FDCPA renders them liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

30. Plaintiff, Paul M. Steven, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom

Defendants attempted to collect a delinquent consumer debt allegedly owed for a Capital One account, via the same form collection letters (Exhibits F and G), Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

31. Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Steven, in their attempts to collect from other persons.

32. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letters they sent Plaintiff Steven.

33. Plaintiff Steven's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35. Plaintiff Steven will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Steven has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Paul M. Steven, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Steven as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Steven and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Paul M. Steven, demands trial by jury.

Paul M. Steven,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 7, 2010

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com